Keating, J. (dissenting).
The record irrefutably establishes that, although this action has been brought in the name of Wil *885 liam Moore, he is only a nominal party. The true plaintiff-appellant is the Cosmopolitan Insurance Company. After the accident out of which this action arose, Cosmopolitan, upon receiving almost immediate notice of the accident, investigated and requested that Moore sign an authorization for Cosmopolitan to appear for him in any action brought by the injured party. Cosmopolitan thereafter did in fact appear for Moore and undertook the defense of the action brought against him by the injured party and continued to represent him for some 15 months until it evolved the theory that the defendant-respondent, Fidelity & Casualty Company of New York, was liable.
In essence, this is an action by one insurance company against another, and the principal of estoppel should fairly apply since the insurance carrier, Cosmopolitan, as distinguished from its insured, was certainly in a position to ascertain whether the type of additional coverage involved here existed. This is not a case where the insured or the injured party who, having no knowledge of his rights until some time has passed, gives notice only after learning of the true facts.
Our position in these cases has consistently been to perceive the realities. The decision here conflicts with our holding in Jarka Corp. v. American Fid. & Cas. Co. (19 A D 2d 141, affd. 14 N Y 2d 714). There, a corporate insured, aware of its right under an insurance policy, was held estopped by its failure to give notice. Apparently, cognizant of its own carelessness, the corporate insured sought to assert the rights of its employee ¿who, since he was unaware of his rights as an insured, gave notice which was timely. It was pointed out in the opinion below, however, that the employee had no real interest in the action and the entire procedure was a “ transparent device ” by the employer to put itself in the shoes of the employee (19 A D 2d, at p. 143). The employer was not permitted to escape the consequences of its own negligence. The same analysis should apply here.
The order of the Appellate Division should be affirmed.
Order reversed, etc.